# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on May 7, 2012

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | |
| | : | GRAND JURY ORIGINAL |
| JUAN R. FLOYD, | : | |
| JERI  P. WRIGHT," | : | 21 U.S.C. § 846 |
| also known as "Auntie," | : | (Conspiracy to Distribute and Possess |
| BRUCE SETTLES, | : | with Intent to Distribute One Kilogram |
| also known as "Spoon," | : | or More of Heroin, 500 Grams or More of |
| DEWAYNE K. SPRIGGS, | : | Cocaine, and 28 Grams or More of |
| ANTHONY DUBERRY, Jr., | : | Cocaine Base) |
| also known as "TJ," | : | 18 U.S.C. § 1956(h) |
| DONALD JOHNSON | : | (Conspiracy to Launder Monetary |
| also known as "Don," | : | Instruments) |
| MIKE JOHNSON, | : | |
| DEREK L. GADSDEN, | : | FORFEITURE:  21 U.S.C. §§ 853(a), (p); |
| also known as "Pep," | : | 18 U.S.C. § 982 |
| LAWRENCE E. PROCTOR, | : | |
| JUANITA N. CULBRETH," | : | |
| JOHN FLOYD, | : | |
| also known as "Snow," | : | |
| VINCENT J. JONES, | : | |
| RODNEY KIRK CARTER, | : | |
| ALBERT P. JONES, | : | |
| also known as "Knuckles," | : | |
| MAURICE P. MERCER, | : | |
| also known as "Toke," | : | |
| DARNELL S. ROGERS, | : | |
| also known as "Lou," | : | |
| GARY D. PRICE, | : | |
| also known as "Big Face" and "Harry-O,": | | |
| DELSHAWN A. WRICE, | : | |
| ROXANNE MATHEWS-BAKER, | : | |
| JEFFREY COACHMAN, | : | |
| also known as "Jeff," and | : | |
| LISA ADONA, | : | |
| | : | |
| Defendants. | : | |

# I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

From at least on or about October 1, 2012, up to and including on or about October 22, 2013, within the District of Columbia and elsewhere, defendants **JUAN R. FLOYD, JERI P. WRIGHT, also known as "Auntie," BRUCE SETTLES, also known as "Spoon," DEWAYNE K. SPRIGGS, ANTHONY DUBERRY, Jr., also known as "TJ," DONALD JOHNSON, also known as "Don," MIKE JOHNSON, DEREK L. GADSDEN, also known as "Pep," LAWRENCE E. PROCTOR, JUANITA N. CULBRETH," JOHN FLOYD, also known as "Snow," VINCENT J. JONES, RODNEY KIRK CARTER, ALBERT P. JONES, also known as "Knuckles," MAURICE P. MERCER, also known as "Toke," DARNELL S. ROGERS, also known as "Lou," GARY D. PRICE, also known as "Big Face" and "Harry-O," DELSHAWN A. WRICE, ROXANNE MATHEWS-BAKER, JEFFREY COACHMAN, also known as "Jeff," and LISA ADONA,** did knowingly and willfully combine, conspire, confederate and agree together, and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the said mixture or substance was one kilogram or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i); and a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, and said mixture or substance was 500 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(ii); and a mixture or substance containing a detectable amount of cocaine base, a Schedule II narcotic drug

controlled substance, and said mixture or substance was 28 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(iii).

(**Conspiracy to Distribute and Possess with Intent to Distribute One Kilogram or More of Heroin, 500 Grams or More of Cocaine, and 28 grams or More of Cocaine Base**, in violation of Title 21, United States Code, Section 846)

## COUNT TWO

From at least on or about October 2012, up to and including on or about October 22, 2013, within the District of Columbia and elsewhere, defendant, **JUAN R. FLOYD,** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to violate:

Title 18, United States Code, Section 1956(a)(1)(A)(i), that is, by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the deposits and withdrawals of funds from bank accounts, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity; and

Title 18, United States Code, Section 1956(a)(1)(B)(i), that is, by conducting and attempting to conduct financial transactions affecting interstate commerce, that is, the deposits and withdrawals of funds from bank accounts, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the property involved in these financial transactions represented the proceeds of some form of unlawful activity, and knowing that the transactions were

designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity;

all in violation of Title 18, United States Code, Sections 1956(h).

(**Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

2. Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property pursuant to 18 U.S.C. § 982(a)(1). The United States will also seek a forfeiture money judgment against the defendant for a sum of money equal to the value of any property, real or personal, involved in the violation and any property traceable to such property.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

        d.        has been substantially diminished in value; or

        e.        has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853(a) and (p))

A TRUE BILL:

FOREPERSON.

Attorney of the United States in
and for the District of Columbia.